**NOT FOR PUBLICATION**

**FILED**

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARDO PEREZ-GARCIA, AKA Leonardo Garcia, AKA Leonardo Perez, AKA Leonardo Jose Perez, | No. 20-72706 |
| Petitioner, | Agency No. A205-156-871 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2021**
Pasadena, California

Before: W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Leonardo Perez-Garcia ("Perez"), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") decision dismissing his

appeal of the Immigration Judge's ("IJ") decision denying his application for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "We review de novo the BIA's determinations on questions of law." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). "We review for substantial evidence the BIA's factual findings, which should be upheld unless the evidence compels a contrary result." *Id.* (citation and internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. The BIA concluded that Perez's conviction for assault with force likely to produce great bodily injury in violation of California Penal Code § 245(a)(4) was an "aggravated felony" barring him from asylum and a "particularly serious crime" barring him from withholding of removal under both the Immigration and Nationality Act and the CAT.

Perez argues that the BIA erred because none of the types of documents or records that "shall constitute proof of a criminal conviction" under 8 U.S.C. § 1229a(c)(3)(B) were included in the Certified Administrative Record. He further contends that it was impermissible for the BIA to rely solely on his testimony to show the existence of his conviction and sentence. However, "all reliable information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction," and an

applicant's "testimony is just the sort of 'reliable information . . . outside the confines of a record of conviction.'" *Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) (citation omitted). Based on Perez's testimony, substantial evidence supports the existence of his conviction and sentence. While the BIA incorrectly noted that the Certified Administrative Record contained Perez's conviction records, this mistake is harmless because there is no indication that the BIA relied upon information in those extra-record documents.

2. Other than challenging the evidence permissible to show the existence of his conviction, Perez does not dispute that the BIA properly determined that his conviction under California Penal Code § 245(a)(4) was an "aggravated felony," making him ineligible for asylum. However, Perez challenges the BIA's determination that his conviction was a "particularly serious crime," making him ineligible for withholding of removal.

"When the [applicant] is sentenced to fewer than five years in prison, as here, there is a discretionary inquiry" on a case-by-case basis "into whether the crime of conviction was a particularly serious one." *Dominguez v. Barr*, 975 F.3d 725, 740 (9th Cir. 2020). To determine whether a crime is particularly serious, the agency is required to consider the "*Frentescu* factors": "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of

3

the crime indicate that the alien will be a danger to the community." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc) (quoting *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982)). We review the agency's decision for an abuse of discretion, and our "review is limited to ensuring that the agency relied on the appropriate factors and [ ]proper evidence[.]" *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (citation and internal quotation marks omitted).

Here, the BIA "relied on the appropriate factors and [ ]proper evidence" to reach its conclusion that Perez's conviction under California Penal Code § 245(a) constituted a particularly serious crime. *Id.* (citation and internal quotation marks omitted). The BIA determined that Perez's assault conviction was particularly serious because Perez testified that he hit the victim ten times in the face, causing the victim to suffer bleeding and lacerations and to fall to the ground, and that Perez was sentenced to two years' imprisonment. Perez's arguments that the agency made several errors, such as ignoring his mitigating testimony that he acted in self-defense and incorrectly stating that he knocked the victim "unconscious," are unpersuasive.

3. For Perez's application for deferral of removal under the CAT, substantial evidence supports the BIA's adverse credibility determination. The BIA determined that Perez was not credible because there were inconsistencies between his testimony and his mother's testimony. Perez argues that his mother

was not a "reliable" witness because she was "confused" about the relevant events and Perez had hidden from his mother the details about his alleged captivity by the Sonora Cartel. However, Perez's explanation is not "reasonable and plausible." *Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (citation omitted). Even if Perez hid from his mother the details of his experiences with the Sonora Cartel, it is not plausible that she could have publicly met him several times during the same period when he was purportedly being held captive at a ranch. Moreover, Perez himself chose to call his mother as a witness. *Cf. Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam). Perez's contention that the IJ improperly limited Perez's pro se questioning of his mother is not supported by the record.

4. Substantial evidence also supports the BIA's determination that, independent of his non-credible testimony, Perez failed to meet the standard for deferral of removal under the CAT. The 2014 State Department Human Rights Report for Mexico, standing alone, is insufficient to compel the conclusion that Perez is "more likely than not to be tortured" if removed to Mexico. 8 C.F.R. § 1208.17(a); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (stating that "generalized evidence of violence and crime in Mexico" is insufficient to meet CAT's "more likely than not" standard).

**PETITION FOR REVIEW DENIED**.[1]

---

[1] Perez's motion for stay of removal (Docket Entry Nos. 1, 5) is denied as moot.

5